IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RUSSELL MARKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13-3380-CV-S-ODS ) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) |
| Defendant. | ) ) |

<u>ORDER AND OPINION GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMSISS OR FOR SUMMARY JUDGMENT</u>

 Pending is the Government's Motion to Dismiss or for Summary Judgment on Plaintiff's Complaint asserting rights under the Freedom of Information Act ("FOIA"). The Court disagrees with the Government's understanding of the scope of the Complaint, so the motion (Doc. # 11) is granted only in part.

 Plaintiff is incarcerated in a federal penitentiary, having pleaded guilty to two counts of conspiracy and sentenced to life imprisonment. By way of background only (because the reasons for a person's FOIA request have little to do with whether the request should be honored), this case arises from a report Plaintiff made about another inmate (Kevin Rawls). Plaintiff believes the information provided entitles him to a motion for sentence reduction from the Government; the Government disagrees and has refused to make the motion. Thus, Plaintiff has sought information related to communications between the Assistant United States Attorney, Cindy Hyde ("AUSA Hyde") and officials from the Bureau of Prisons ("BOP") related to the information he provided about Rawls. His FOIA request seeks the names and titles of all BOP officials AUSA Hyde spoke to, the dates of those communications, and any other notes, documents, or records related to those communications.

 AUSA Hyde's Affidavit offered in support of the Government's motion indicates she submitted all of her notes and records to the Executive Office for the United States Attorneys ("EOUSA"). The EOUSA responded on a two-page form, the first page of

which advised Plaintiff that it would provide one page of information, that no pages were being released in full, and none were withheld in full.  The second page seems to contradict these representations by indicating more than one page of information exists, and most of it was being withheld.  There, the EOUSA advised that "names of BOP officials with whom AUSA Hyde spoke were withheld by application of Exemption 7C of the FOIA, but dates have been provided.  All notes etc. . . . regarding discussions with BOP officials have additionally been withheld by application of Exemption 5, as intra-agency communications, privileged from disclosure."

After exhausting his administrative remedies, Plaintiff filed this suit.  Plaintiff is proceeding pro se.  In the first paragraph, he alleges the Government "did not perform a reasonably adequate search for the records" and he "seeks an order compelling the Defendant to perform another search for the records, and to produce what is found as a result of the search."  Complaint, ¶ 1.

The Government seeks dismissal or summary judgment, contending Plaintiff challenges only the adequacy of AUSA Hyde's search for records and does not challenge the application of the Exemptions.  The Court does not interpret Plaintiff's Complaint so narrowly.  It is well-established (and conceded by the Government) that a pro se litigant's complaint must be liberally construed.  E.g., Whitson v. Stone County Jail, 602 F.3d 920, 922 (8th Cir. 2010).  A fair review of Plaintiff's Complaint reveals that he seeks two things: (1) an adequate search for records of conversations between AUSA Hyde and BOP officials and (2) production of the results of that search.  The Record now establishes – and Plaintiff does not presently dispute[1] – that AUSA Hyde provided all of her notes, records, and other documentation to the EOUSA.  Thus, his first objective has been accomplished.  His second objective remains unfulfilled – and admittedly unaddressed by the Government.

The Court concludes the Government is entitled to judgment insofar as Plaintiff challenges the adequacy of the search for records responsive to his request.  The case must continue so Plaintiff's challenge to the withholding of those records may be

---

[1]It may be that Plaintiff meant to challenge the adequacy of the search because the first page of EOUSA's form indicates only one page of information was located, and once it became apparent this was not the case Plaintiff abandoned this aspect of his claim.

adjudicated. In this regard, the Government shall respond to Plaintiff's Motion for In Camera Review. In addition to responding to Plaintiff's request for in camera review, the Government should (1) address whether or not the Court should order the Government to produce a <u>Vaughn</u> Index (and if it is the Government's contention this should not be done, the Government should explain its position) and (2) address Plaintiff's argument that none of FOIA's exemptions apply because the Government previously placed the information contained in the records into the public domain.[2] The Government is free to make any other arguments it wishes to make. Its response shall be due on or before June 19, 2014. Plaintiff shall have twenty-one days thereafter to file Reply Suggestions.

IT IS SO ORDERED.

DATE: May 21, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2]"Under our public-domain doctrine, materials normally immunized from disclosure under FOIA lose their protective cloak once disclosed and preserved in a permanent public record." <u>Cottone v. Reno</u>, 193 F.3d 550, 554 (D.C. Cir. 1999).