IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RUSSELL MARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-3380-CV-S-ODS |
| ) | |
| UNITED STATES ) | |
| DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION ENTERING JUDGMENT IN PLAINTIFF'S FAVOR

Plaintiff, who is serving a life sentence in the custody of the Bureau of Prisons after being found guilty of various drug-related offenses, provided information that he hoped would motivate the United States Attorney to move for a sentence reduction. The Assistant United States Attorney assigned to the matter (AUSA Cindy Hyde, or "AUSA Hyde") declined to file the motion.[1] This case arises from a request for information Plaintiff filed pursuant to the Freedom of Information Act ("FOIA"). Plaintiff's FOIA request seeks the names and titles of all Bureau of Prison ("BOP") personnel AUSA Hyde spoke to, the dates of those communications, and any other notes, documents, or records related to those communications. The Department of Justice ("DOJ") has identified three categories of documents responsive to Marks's FOIA request: (1) seven pages of AUSA Hyde's handwritten notes from a telephone log (which also includes notes about unrelated cases and matters), (2) a two-page letter AUSA Hyde sent to a BOP Official, and (3) a one-page document AUSA Hyde prepared reflecting the dates of her contacts with BOP officials, but no other information. The last document, which was prepared specially to respond to Marks's FOIA request, is the only document provided to Marks.

---

[1] Plaintiff has initiated several proceedings in an attempt to obtain an order requiring AUSA Hyde to file a motion for downward departure; these efforts have failed. Two of the adverse decisions were appealed, and both were affirmed. See United States v. Marks, 768 F.3d 1215 (8th Cir. 2014); United States v. Marks, 244 F.3d 971 (8th Cir. 2001).

The Court conducted *in camera* review of the documents. In an Order dated December 11, 2014, the Court concluded that Exemption 7(C) – which protects from disclosure information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy" – justified "withholding the names in AUSA Hyde's notes and letters, as well as other identifying information (such as phone numbers)." However, Exemption 7(C) did not appear to justify "withholding the entirety of her notes and letters" because revealing the contents, alone, would not implicate privacy concerns. The Court indicated that it was prepared to rule "that the DOJ must release AUSA Hyde's notes and letter but can first redact (1) the names of the people with whom she spoke, (2) contact information and job titles for those people, and (3) all information related to other cases" and directed the parties to address this proposed resolution.

The DOJ "continues to maintain that even redacted materials may be properly withheld from disclosure to Marks pursuant to Exemption[ ] 7(C) [but] is not asserting any further or additional arguments beyond those previously briefed to the Court." However, the DOJ has not presented any arguments explaining why redaction is an inappropriate resolution for the privacy concerns embodied in Exemption 7(C) or otherwise addressing the Court's previous discussion of this matter. The Court is left, then, with no reason not to follow through with its previously-expressed plan of action.

The DOJ also mentions Exemption 7(F), which exempts from disclosure information that "could reasonably be expected to endanger the life or physical safety of any individual." In its December 11 Order the Court observed that "Exemption 7(F) would not justify any greater withholding of information than Exemption 7(C), so in light of the Court's discussion of Exemption 7(C) there is no need to discuss Exemption 7(F) further." The DOJ seems to agree that "redaction of the names of BOP personnel may offer protection to those individuals from safety concerns, the redactions will not afford such protection to AUSA Hyde." However, Plaintiff has been well-aware of AUSA Hyde's involvement in this matter for quite some time. In fact, his knowledge of her name and involvement arose when he first asked that she file a Motion for Downward Departure. And, for that matter, the address of the United States Attorney's Office is a matter of public record. The Court sees little additional risk to AUSA Hyde's safety if her

name remains on the documents. The Court will, however, allow her phone number to be redacted if it appears on any of the documents.[2]

Judgment is entered in Plaintiff's favor. The DOJ must release AUSA Hyde's notes and letter but can first redact (1) the names of the people with whom she spoke, (2) contact information and job titles for those people, (3) AUSA Hyde's phone number, and (4) all information related to other cases. The DOJ shall comply within fourteen days of the judgment becoming final, and shall file a Certificate of Service confirming that the redacted documents have been delivered to Plaintiff.

IT IS SO ORDERED.


DATE: February 19, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2]Plaintiff's response to the Court's December 11 Order addresses extraneous issues and seeks clarifications of issues that do not require clarification. There is no need to discuss Plaintiff's response further.